# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Jill C. Williams,   Case No. 3:18CV324

    Plaintiff

    v.   **ORDER**

Commissioner of Social Security,

    Defendant

    This is a Social Security case. Plaintiff Jill Williams appeals the Commissioner's decision denying her application for a period of disability and disability benefits.

    An administrative law judge rejected Williams's claim that she is disabled. The ALJ found that Williams has two severe impairments, chronic obstructive pulmonary disease (COPD) and rheumatoid arthritis. He determined, however, that Williams has the residual functional capacity (RFC) to perform medium work "except that [she] must avoid concentrated exposure to extreme heat, extreme cold and pulmonary irritants." (Doc 11 at 25).

    The ALJ concluded that because Williams could, within this RFC, perform her past relevant work as a supervisor, motor vehicle assembly and insertion machine tender, she is not disabled. (*Id.* at 22-23).

    Pending is Magistrate Judge Kathleen Burke's Report and Recommendation, which recommends that I affirm the denial of benefits. (Doc. 16). Williams has filed an objection. (Doc. 17).

On de novo review of the R&R, *see* 28 U.S.C. § 636(b)(1), I overrule the objection, adopt the R&R, and affirm the Commissioner's decision.

## Discussion

Williams claims that the ALJ failed to give good reasons for according little weight to an opinion her treating physician, Dr. Ramsay, provided. (Doc. 17 at 2). The opinion identifies physical limitations and concludes, among other things, that Williams cannot complete an eight-hour workday. (Doc. 11 at 1596).

"Treating-source opinions must be given controlling weight if two conditions are met: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). If a treating-source opinion does not meet one or both of these conditions, the ALJ may assign it less than controlling weight. *See, e.g.*, *Brogan v. Comm'r of Soc. Sec.*, 2017 WL 1032520 (N.D. Ohio) (Carr, J) (holding that physician's opinion's conflict with record evidence warranted assigning less than controlling weight).

The Commissioner must provide "good reasons for discounting the weight given to a treating-source opinion," and these reasons "must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart*, *supra*, 710 F.3d at 376.

## A. Williams Does Not Show That the ALJ Failed to
## Supply Good Reasons for Discrediting Dr. Ramsay's Opinion

Williams claims that the Magistrate Judge incorrectly determined that the ALJ provided good reasons for assigning Dr. Ramsay's opinion little weight. The ALJ supplied the following reasons for discounting the opinion:

> This opinion was based on the functional capacity evaluation by [a physical therapist] that included no validity testing. Moreover, Dr. Ramsey's [sic] progress notes in Exhibit 21F include no description of the claimant's complaints as to her symptoms. He [sic] diagnosed her with fibromyalgia, but there is no tender point analysis. As to COPD, which the claimant testified was her most serious impairment, his notes consistently show normal respiratory physical exams. (Doc. 11 at 27).

The Magistrate Judge explained that Dr. Ramsay's reliance on a physical therapist's functional capacity examination (FCE) was a good reason to discount her opinion. (*See* Doc. 16 at 24-25). Williams objects to this conclusion. (Doc. 17 at 2). Her objection lacks merit.

The Magistrate Judge did not conclude, as Williams would have me believe, that Dr. Ramsay's reliance on the FCE, in and of itself, warranted discounting her opinion. Rather, as the Magistrate Judge explained, "[t]he ALJ gave [the FCE] 'little' weight," and Dr. Ramsay essentially adopted the FCE's apparently unreliable findings in her opinion. (Doc. 16 at 24-25).

The ALJ found the FCE unreliable because the physical therapist that performed it did not conduct validity testing "to evaluate plaintiff's effort during the FCE." *See Wagner v. Astrue*, 2011 WL 5075822, *16 (S.D. Ohio) (approving ALJ's decision assigning little weight to a FCE that included no validity testing), *R&R adopted*, *Wagner v. Comm'r of Soc. Sec.*, 2011 WL5076234 (S.D. Ohio). As the Magistrate Judge noted, "Williams does not challenge" the ALJ's conclusion about the FCE's unreliability. (Doc. 16 at 25). I therefore agree with the Magistrate Judge that "Dr. Ramsay's reliance upon" the FCE, which itself was unreliable, "is an appropriate reason for the ALJ to discredit Dr. Ramsay's opinion." (Doc. 16 at 25).

3

Williams also bemoans the ALJ's decision to discount Dr. Ramsay's opinion because Dr. Ramsay's progress notes did not describe Williams's complaints about her symptoms. (Doc. 17 at 24). She argues, without supporting citations, that such failure is not a good reason to assign Dr. Ramsay's opinion little weight. This is so, Williams claims, because her own "comments [about her symptoms] would simply be considered subjective complaints and discredited as not being clinically objective evidence." (Doc. 17 at 4).

This argument is mere speculation. Moreover, the notes' silence about Williams's symptoms provide additional grounds to conclude that Dr. Ramsay simply accepted the faulty FCE. Indeed, Dr. Ramsay had no written record of Williams's reported symptoms on which to independently evaluate Williams's restrictions.

### B. The ALJ Provided Additional Good Reasons to Discredit Dr. Ramsay's Opinion

Williams does not contest the ALJ's additional reasons for assigning Dr. Ramsay's opinion little weight. (*See* Doc. 11 at 27). Those additional reasons are also good reasons.

The ALJ pointed out that Dr. Ramsay's fibromyalgia diagnosis did not result from a tender point analysis (or, in any event, the progress notes do not indicate whether Dr. Ramsay performed such an analysis). (Doc. 11 at 27; *id.* at 1285-1304).

The Social Security Administration established criteria, SSR 12-2P, 2012 WL 3104869, for determining whether an individual suffers from fibromyalgia. The criteria include two alternative tests: one requiring "[a]t least 11 positive tender points on physical examination;" the

other requiring "[r]epeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions."[1] *Id.* at *3.

Dr. Ramsay did not state in her progress notes whether she considered either test when she diagnosed Williams. (*See* Doc. 11 at 1285-1304). Moreover, as the ALJ pointed out, Dr. Ramsay did not include a tender point analysis in her progress notes. She has not, then, supported her opinion with "medically acceptable clinical . . . techniques," *Gayheart*, *supra*, 710 F.3d at 376. Her failure to do so is good reason to discount her opinion.

The ALJ also noted that Dr. Ramsay's opinion is inconsistent with her progress notes (*see* Doc. 11 at 27) to the extent that the opinion concludes that Williams is "[p]er FC limited because of breathing" (*id.* at 1595). Indeed, though Dr. Ramsay's progress notes occasionally report wheezing, they consistently note, "**Respirations:**, even and easy." (Doc. 11 at 1288, 1290, 1294, 1296, 1301, 1304). "[I]nconsistencies within a treating source's opinion, or between that opinion and other record evidence, provide a basis for discounting the opinion." *Brogan*, *supra*, 2017 WL 1032520 at *2 (citing *Price v. Comm'r of Soc. Sec.*, 342 Fed. App'x 172, 177 (6th Cir. 2009); *Jackson v. Comm'r of Soc. Sec.*, 2016 WL 1211425, *6 (W.D. Mich.)). Dr. Ramsay's inconsistency, then, is good reason to devalue her opinion.

Taken together, the reasons the ALJ supplied provide substantial evidence to support his decision to give Dr. Ramsay's opinion little weight.

I therefore overrule Williams's sole objection.

---

[1] To satisfy either test, the claimant must also demonstrate "[a] history of widespread pain," as that term is defined in the guidance, and "[e]vidence that other disorders that could cause" the claimant's symptoms "were excluded." 2012 WL 3104869 at *3.

5

**Conclusion**

It is, therefore,

ORDERED THAT

1. Williams's objections to the Magistrate Judge's Report and Recommendation (Doc. 17) be, and the same hereby are, overruled;

2. The Magistrate Judge's Report and Recommendation be, and the same hereby is, adopted as the order of the court; and

3. The Commissioner's decision denying plaintiff's application for a period of disability and disability benefits be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge